UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
BROWN RUDNICK, LLP,                                    :
:
                   Plaintiff,                         :        13-CV-4348 (JMF)
:
          -v-                                       :        MEMORANDUM OPINION
:               AND ORDER
SURGICAL ORTHOMEDICS, INC.,                 :
:
                   Defendant.                       :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      By Memorandum Opinion and Order entered January 28, 2015 (the "Motion To Amend Opinion"), this Court denied in part and granted in part the motion of Defendant Surgical Orthomedics, Inc. ("SOI") and Intervenors Steven and Andrew Hewes (the "Hewes Brothers" and, together with SOI, the "Former Clients") to amend the former's Counterclaim and latter's Intervention Complaint. *See Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*, No. 13-CV-4348 (JMF), 2015 WL 363674 (S.D.N.Y. Jan. 28, 2015) (Docket No. 130).[1]  Specifically, and as relevant here, the Court denied the Former Clients' request to "clarify the pleadings" regarding Brown Rudnick's termination for cause due to, among other alleged misconduct, excessive billing (the "Termination for Cause Claims"). *Id.* at *1-3.  On February 11, 2015, the Former Clients filed a motion for clarification or reconsideration of that ruling.  (Docket No. 137).  Upon due consideration of the parties' written submissions (Docket Nos. 138-41), that motion is GRANTED in part and DENIED in part.

      Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil

---

[1]  The Court uses all terms as defined in its January 28, 2015 Memorandum Opinion and Order, familiarity with which is assumed.

Procedure and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted).  A district court "has broad discretion in determining whether to grant a motion [for reconsideration]."  *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000).  Such a motion "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Medisim*, 2012 WL 1450420, at *1 (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).  "'The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  It is well established that the rules permitting motions for reconsideration must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [C]ourt."  *United States v. Treacy*, No. 08-CR-0366 (RLC), 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (internal quotation marks omitted).

In this case, the Former Clients nominally advance three arguments in their motion for reconsideration.  (Mem. Law Supp. Surgical Orthomedics, Inc. & Steven & Andrew Hewes' Mot. Clarification or, Alternatively, Reconsideration (Docket No. 138) ("Former Clients' Mem.") 2).  The first two arguments, however, are essentially the same: They take issue with the Court's finding in its Motion To Amend Opinion that "the Former Clients previously treated the malpractice claims as the sole basis of their termination for cause claims" and that, "even if the

2

Former Clients intended to distinguish between the two types of claims, the Court did not in its [July 15, 2014] ruling" on Counter-Defendants' motion to dismiss (Docket No. 79). 2015 WL 363674, at *2. The Former Clients maintain that the Court got it wrong on both counts, alleging that "[n]owhere in their MTD Opposition or their pleadings did SOI and Hewes limit termination for cause to be based solely on actions rising to malpractice" and that the Court did not indicate in its ruling on Brown Rudnick's motion to dismiss its understanding that the termination for cause claim was so limited. (Former Clients' Mem. 3).

It is a stretch to say that the Former Clients have always based their termination for cause claims on misconduct other than malpractice. (*See, e.g.*, SOI's & Hewes Brothers' Joint Mem. Law Opp'n Mot. To Dismiss (Docket No. 61) ("Former Clients' MTD Mem.") 28-29 (not explaining the basis for their termination-for-cause argument)). But regardless, the Former Clients' contention that the Court did not indicate an understanding that their claims were so limited in its ruling on the motion to dismiss borders on the frivolous. To prove otherwise, the Former Clients rely on two statements taken out of context from the Court's ruling on the Counter-Defendants' motion to dismiss. The first is the Court's statement that it "[could] not conclude, as a matter of law, that Counter-Defendants were not discharged for cause, in which case they would not have been entitled to withhold the files." *Brown Rudnick, LLP v. Surgical Orthomedics, Inc.*, No. 13-CV-4348 (JMF), 2014 WL 3439620, at *10 (S.D.N.Y. July 15, 2014) (Docket No. 79) (the "Motion To Dismiss Opinion")). (Former Clients' Mem. 2, 7). Although that sentence in isolation might suggest that the Court believed the Former Clients to be making a wide variety of termination for cause arguments, the Court's full discussion reveals otherwise:

> Although the Court found most of the Former Clients' *malpractice* claims to be implausible, the Former Clients' claims based on the alleged failures to call the doctor-witnesses and a damages expert remain. Of course, discovery may reveal

3

> that the Former Clients' *remaining malpractice theories* are without factual bases, *in which case the retaining lien claim would also fail*. At this stage of the litigation, however, the Court cannot conclude, as a matter of law, that Counter-Defendants were not discharged for cause . . . .

2014 WL 3439620, at *10 (emphases added). The Former Clients also make much of the Court's citation of New York case law recognizing that both malpractice and other misconduct can provide grounds for termination for cause. *See id.* at *9. (Former Clients' Mem. 2-3). Again, however, the Court's full discussion reveals the Court's belief that only malpractice allegations were at issue in the case. *Id.* (explaining in the very next sentence that, "*[c]iting their malpractice claims*, the Former Clients therefore argue that Counter-Defendants were discharged for cause" (emphasis added)).

The Court did acknowledge in its Motion To Dismiss Opinion that the Former Clients were also challenging Brown Rudnick's fees, but it made clear its belief, based on the Former Clients' memorandum of law (Former Clients' MTD Mem. 30-34), that the alleged overbilling formed the basis primarily for the Former Clients' breach of fiduciary duty, breach of contract, and unjust enrichment claims. 2014 WL 3439620, at *10. As a result, those overbilling contentions that the Court did not dismiss as "entirely conclusory," it dismissed as duplicative of the malpractice claims. *Id.* In short, the Court clearly indicated its understanding in the Motion To Dismiss Opinion that the *sole* basis of the Former Clients' Termination for Cause Claims was the allegation that Brown Rudnick had engaged in malpractice. If the Former Clients believed that the Court was wrong on that score (or they perceived some ambiguity), their remedy was to file a motion for reconsideration (or clarification) at that time. They did not, *see* 2015 WL 363674, at *2, and it is now too late to do so, *see* Local Civil Rule 6.3 (providing that a motion for reconsideration must be served within "fourteen (14) days after the entry of the Court's determination of the original motion"). Nor is the Former Clients' self-proclaimed "hesit[ation]

4

to risk the ire of the Court" a valid excuse for not moving in a timely fashion. (Former Clients' Mem. 4).[2] Among other things, the fact that the Former Clients were "hesitant" at the time to move for reconsideration belies their claim that they did not perceive any basis to so move and makes clear that their decision not to make a motion was a tactical one. Having made that tactical decision, they should not now be permitted another second bite at the apple.

The Former Clients note that they also alleged that exigent circumstances made Brown Rudnick's retaining lien improper (Former Clients' Mem. 2-3), but conspicuously they do not seek reconsideration on that ground. That is for good reason. First, the Former Clients' entire discussion of exigent circumstances in their briefing on the motion to dismiss was two sentences long. (Former Clients' MTD Mem. 29-30). Second, the claim was (and is) meritless. The Second Circuit has held that an "exception" to a lawyer's right to a retaining lien "may be made when the client has an urgent need for the papers . . . and will be seriously prejudiced by withholding them but lacks the means to pay the lawyer's fee." *Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983). Under that exception, a court may order the release of a client's files if the client makes a "clear showing" of: (1) "the need for the papers"; (2) "the prejudice that would result from denying him access to them"; and (3) "his inability to pay the legal fees or post a reasonable bond." *Id.* Nowhere in their pleadings, however, did the Former Clients assert an inability to pay. (*See* Docket Nos. 47, 48). And even if they had, it would follow only that a

---

[2]    Notably, the Former Clients provide no basis for any reasonable belief that a motion for reconsideration would have provoked the Court's "ire." In fact, as the Former Clients themselves prominently note (*see* Former Clients' Mem. 1 (citing *PC-Palladio, LLC v. Nassi*, No. 13-MC-234 (JMF), 2014 WL 1316354 (S.D.N.Y. Apr. 2, 2014))), this Court is hardly averse to granting a motion for reconsideration if the motion is timely made and well founded. *See also, e.g.*, *Sullivan v. City of N.Y.*, No. 14-CV-1334 (JMF), 2014 WL 2722536 (S.D.N.Y. June 16, 2014); *Purchase Partners, LLC v. Carver Fed. Sav. Bank*, No. 09-CV-9687 (JMF), 2013 WL 1499417 (S.D.N.Y. Apr. 10, 2013).

court could have ordered the Counter-Defendants to turn over the files, not that Counter-Defendants unlawfully or unethically retained the files in the first instance. (*See* Former Clients' MTD Mem. 29-30 (citing *McDermott v. Great Am. Alliance Ins. Co.*, No. 02-CV-0607 (NAM) (DEP), 2006 WL 2038452, at *2 (N.D.N.Y. July 18, 2006) ("Absent exigent circumstances including, for example, when the client makes a clear showing of need for the withheld papers and that prejudice would result from denial of access, *a court* should not require relinquishment of papers subject to a retaining lien." (emphasis added))). Regardless, to the extent that there was any reason to believe that the Court had overlooked the Former Clients' theory of exigent circumstances, their remedy — again — was a timely motion for reconsideration.

      The Former Clients also take issue with the Motion To Amend Opinion's conclusion in the alternative that the Former Clients had not been diligent in seeking to amend their pleadings. 2015 WL 363674, at *2. They make two arguments as to why their lack of diligence was not a valid ground on which to deny them leave to amend. Neither is convincing. First, the Former Clients argue that all of the cases cited by the Court addressed when parties may add new *claims*, not when they may add new *facts* in support of existing claims. (Former Clients' Mem. 2, 7-8). The Former Clients, however, do not cite a single case holding that parties are not required to show good cause if they seek only to add new facts. In fact, nothing in the language of Rule 16(b) implies that would be the case, *see* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."), and the authority of which the Court is aware has come out the other way, *see Spear v. City of Buffalo*, No. 11-CV-12A (LGF), 2014 WL 1053987, at *12-13 (W.D.N.Y. Mar. 18, 2014) (rejecting a motion for leave to file an amended complaint "asserting no new claims for relief, but only additional factual allegations" in part because the movant had not shown "good cause"). In any event, given the circumstances

here, the Former Clients' argument is beside the point. As discussed above, in light of the Motion To Dismiss Opinion, the Former Clients would be adding new claims at this point, as the claims that the new facts support were previously dismissed.

The Former Clients' final argument for reconsideration (as opposed to clarification) is that they were diligent because their motion to amend was "based on evidence obtained in discovery," a contention they support with examples of recently learned information. (Former Clients' Mem. 4-6). As the Court noted in the Motion To Amend Opinion, however, the Former Clients neither made such an argument nor drew the Court's attention to any such newly acquired evidence in their original motion to amend. 2015 WL 363674, at *3.[3] It is well established that "a party cannot offer new facts in support of a motion for reconsideration." *Sea Trade Maritime Corp. v. Coutsodontis*, No. 09-CV-488 (LGS) (HBP), 2014 WL 3859114, at *1 (S.D.N.Y. July 30, 2014). Nor may a party "assert new arguments or claims which were not before the court on the original motion." *Kohler v. Bank of Bermuda Ltd.*, No. M18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005). *See generally Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (noting that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple" (internal quotation marks omitted)). That is exactly what the Former Clients are trying to do here. Accordingly, their motion — to the extent it seeks reconsideration — is DENIED.

As noted, however, the Former Clients also seek to "clarify that SOI may present the

---

[3] The Former Clients claim in a footnote that they addressed the good cause requirement in their original motion. (Former Clients' Mem. 7 n.4). But, as the Court previously noted, the Former Clients discussed good cause with regard to their Settlement Inquiry and Doctor Claims, not the Termination for Cause Claims. 2015 WL 363674, at *3.

same evidence in support of its affirmative and other defenses." (Surgical Orthomedics, Inc. & Steven & Andrew Hewes' Reply Supp. Mot. Clarification or, Alternatively, Reconsideration (Docket No. 41) ("Former Clients' Reply") 5; *see also* Former Clients' Mem. 5, 9). As the Former Clients correctly point out (Former Clients' Reply 5), Brown Rudnick does not specifically object to that request in its opposition. (Opp'n Former Clients' Mot. Clarification or, Alternatively, Reconsideration (Docket No. 140) ("Counter-Defendants' Opposition")). Further, Brown Rudnick has never moved to strike SOI's affirmative defenses — and the Court has never granted such relief. (*See* Docket No. 54 (moving to dismiss the Second Amended Counterclaim and the Amended Complaint in Intervention without mentioning SOI's affirmative defenses)). Thus, unless and until the Court rules otherwise (in connection with a motion for summary judgment, a motion *in limine*, or upon objection at trial), SOI is not precluded from introducing evidence of Brown Rudnick's alleged overbilling and other misconduct in support of its affirmative defenses and other defenses.

For the foregoing reasons, the Former Clients' motion is DENIED to the extent that it seeks reconsideration and GRANTED to the extent that it seeks clarification. All existing deadlines, including the deadline for motions for summary judgment, remain in place.

The Clerk of Court is directed to terminate Docket No. 137.

SO ORDERED.

Dated: March 12, 2015
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

8